# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 11, 2012

No. 11-30711

Lyle W. Cayce
Clerk

EVELYN ALEXIS BEVIS, Individually and on behalf of a class of persons similarly situated; SCOTT I. ZATZKIS; JULIETTE M. NEVES; DAVID D. KERVIN, JR.; CHRISTINA H. COBLE,

Plaintiffs-Appellants

v.

CITY OF NEW ORLEANS, through its administration and its counsel; AMERICAN TRAFFIC SOLUTIONS, INC.,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-4161

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants ("Plaintiffs") appeal the district court's judgment dismissing their constitutional challenge to Defendant-Appellee City of New Orleans' "Automated Traffic Enforcement System Ordinance" ("the Ordinance").

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30711

The Ordinance permits the city to use automated cameras to detect speeding violations and cars entering an intersection against a red light. The Plaintiffs contend on appeal that the district court erred in concluding that the Ordinance (1) is civil in nature, (2) affords constitutionally adequate due process, and (3) does not violate the Constitution's *Ex Post Facto* Clause. We AFFIRM.

## I. Standard of Review

We review a district court's dismissal for failure to state a claim *de novo*. *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). We "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff," *id.* (internal quotation marks and citation omitted), but "we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986). Although the plaintiff's factual allegations need not be detailed, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007), he must go beyond legal "labels and conclusions" and relate the "circumstances, occurrences, and events" he believes support his claim. *Id.* at 555, 556 n.3, 1965 & n.3 (internal quotation marks and citation omitted).

## II. Background

The City engaged a private contractor, Defendant-Appellee American Traffic Solutions ("ATS") to install and maintain the cameras. ATS staff view the footage and forward potential violations to the New Orleans Police Department, whose officers then decide whether to issue a citation to the vehicle's owner. The Ordinance states that "[t]he imposition of a civil penalty . . . is an alternative method of detecting and deterring red-light violations and speeding." Accordingly, no fine may be imposed if at the time of the violation the operator of the vehicle was pulled over and either arrested or issued a traffic ticket. Also, no fine may be imposed on the vehicle's owner if the vehicle was reported stolen and had not been recovered at the time the violation occurred.

No. 11-30711

If the police decide to issue a citation, a notice is sent to the vehicle's registered owner charging that the violation occurred and stating the amount of the fine. The fine is $105 for entering an intersection against a red light, and $300 for overtaking a school bus while it's stop signals are active. For speeding, the fine is between $45 and $205, depending on the excess speed. The fine can also include up to $80 in enforcement costs.

The notice relates the date, time, and location of the violation, and it includes images from the video recording of the violation, and a website address where the full video can be viewed. The notice also explains procedures for contesting the fine, and procedures for payment by mail, telephone, or through the website. The owner may contest the violation by appearing before an administrative officer on or before a hearing date stated in the notice. If the hearing date passes and the owner has failed to either pay the fine or to appear and contest liability, then $75 is added to the fine and the City may initiate collection efforts. The notice is presumed to have been received by the owner five days after it was sent, but it is an affirmative defense if "[t]he person who received the notice of violation was not the owner of the motor vehicle at the time of the violation . . . ."

An administrative officer employed by the city presides at the hearing, where the owner may "respond and present evidence on all issues of fact involved and argument on all issues of law involved." The owner may request that witnesses be subpoenaed, and examine witnesses who testify. No mens rea is required for liability. Owner and operator are jointly and severally liable for the fine, except that it is an affirmative defense if the operator was driving the vehicle without the owner's consent. A non-operating owner who is held liable may recover the amount of the fine from the operator. The owner may seek judicial review of an adverse decision by filing a petition in the Orleans Parish Civil District Court within 30 days.

No. 11-30711

An earlier version of the ordinance delegated the initial enforcement decision to the contractor, but that arrangement violated the City's Home Rule Charter, and a state court enjoined the law's enforcement until the current ordinance was passed. The current ordinance is retroactive to the date of the original law's passage.

## III. Discussion

Plaintiffs contend that the district court erred in concluding that the Ordinance imposes civil rather than criminal penalties. That determination requires courts to look initially to the legislature's intention. *Hudson v. United States*, 522 U.S. 93, 99, 118 S. Ct. 488, 493 (1997). The Ordinance repeatedly describes the fine as a civil penalty. However, a penalty can be criminal in nature, notwithstanding the legislature's intention, if the statutory scheme is sufficiently punitive in purpose or effect. *Id.* The Supreme Court has articulated seven factors that serve as "useful guideposts" for that determination.[1] *Id.* The only factor favoring Plaintiffs' position is the fact that some of the conduct that violates the ordinance would also be punishable as a crime, if done with the requisite mental state. That is not enough to overcome legislative intent. *United States v. Ward*, 448 U.S. 242, 249-50, 100 S. Ct. 2636, 2642 (1980). We agree with the district court that the Ordinance imposes a civil penalty. That conclusion disposes of the Plaintiffs' contention that the

---

[1] The factors are:

> (1) Whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment (3) whether it comes into play only on a finding of *scienter*; (4) whether its operation will promote the traditional aims of punishment-retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned.

*Hudson,* 522 U.S. at 99-100, 118 S. Ct. at 493 (internal quotation marks and citation removed).

No. 11-30711

Ordinance violates the *Ex Post Facto* Clause, U.S. CONST. art. I, § 10, cl. 1, which applies only to criminal sanctions. *Smith v. Doe*, 538 U.S. 84, 105-06, 123 S. Ct. 1140, 1154 (2003).

We next consider Plaintiffs' contention that the Ordinance does not supply constitutionally adequate process. The constitutional adequacy of the Ordinance's procedures is assessed by balancing the private and governmental interests concerned. *Mathews v. Eldridge*, 424 U.S. 319, 334-35, 96 S. Ct. 893, 902-03 (1976). We consider, first, "the private interest that will be affected by the official action." *Id.* at 335, 96 S. Ct. at 903. In this case, the maximum fine is the relatively minor amount of $380, or $455 if the payment is overdue. Next, we consider "the risk of an erroneous deprivation" under the procedures provided. *Id.* Plaintiffs do not challenge any specific aspect of the procedures governing the administrative hearing the Ordinance provides. They contend that the hearing officer is not neutral, but a presiding official's being an employee of the municipal executive does not alone offend due process.[2] Plaintiffs also argue that requiring a driver to file a civil action in order to challenge the outcome of the initial hearing deprives them of due process because of the expense of initiating the civil action. However, unless a fundamental interest is at stake, the due process clause allows states to restrict access to judicial review of civil administrative proceedings. *See M.L.B. v. S.L.J.*, 519 U.S. 102, 113, 117 S. Ct. 555, 562 (1996). No fundamental interest is involved here.[3]

---

[2] *See SDJ, Inc. v. City of Hous.*, 837 F.2d 1268, 1278 (5th Cir. 1988) (ordinance giving police chief power to determine whether to issue license to sexually oriented businesses does not offend due process because ordinance allowed judicial review and there was no evidence that the police chief was "inherently not neutral").

[3] *See Ortwein v. Schwab*, 410 U.S. 656, 659-60 93 S. Ct. 1172, 1174-75 (1973) (no due-process right to waiver of fees for judicial review of administrative welfare-benefits determination, because right to increased welfare payments not a fundamental interest); *Seoane v. Ortho Pharm., Inc.*, 660 F.2d 146, 151 (5th Cir. 1981) (right to recover for injuries

No. 11-30711

Finally, the private interests and risk of error are balanced against "the Government's interest, including the function involved and the fiscal and administrative burdens that . . . additional or substitute procedural requirement[s] would entail." *Mathews*, 424 U.S. at 335, 96 S. Ct. at 903. The City's interest is to reduce the risk of road accidents. Though only a fraction of traffic violations cause an accident, the costs of even a low-speed collision can be severe, particularly if a pedestrian is struck. The features of the Ordinance's adjudicatory scheme raised in this appeal fall comfortably within the "great leeway" given to governments in "protect[ing] public health and safety."[4] *See Mackey*, 443 U.S. at 17, 99 S. Ct. at 2620.

AFFIRMED.

---

caused by medical malpractice not a fundamental interest).

[4] We express no opinion regarding the due process adequacy of features of the Ordinance's procedures that the plaintiffs did not specifically raise in their appellate briefing (e.g., the Ordinance's distribution of burdens of proof and the potential liability for allowing another person to drive one's vehicle).